UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SADRAC ABEDNEGO MONGE GOMEZ and
ELIAS ENOC MONGE GOMEZ,                                        Civil Action No.

                                    Plaintiffs,

       -against-

BOULDER BROOK STABLES, LLC, BOULDER
BROOK EQUESTRIAN CENTER, LLC., and
AUDREY FELDMAN,

                                    Defendants.
-----------------------------------------------------------------X

## COMPLAINT

       Plaintiffs, SADRAC ABEDNEGO MONGE GOMEZ and ELIAS ENOC
MONGE GOMEZ ("Plaintiffs"), as and for their Complaint against Defendants,
BOULDER BROOK STABLES, LLC, BOULDER BROOK EQUESTRIAN CENTER,
LLC, and AUDREY FELDMAN ("Defendants") respectfully allege as follows:

### JURISDICTION AND VENUE

       1.      Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter
the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the
New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor
Articles") to recover unpaid overtime compensation and for other relief.

       2.      Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of
the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

       3.      The Court has supplemental jurisdiction over plaintiffs' state law claims
pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims
that they form part of the same case or controversy.

4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial  part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.     Plaintiff, SADRAC ABEDNEGO MONGE GOMEZ ("Sadrac"), was employed by Defendants as a  horse groomer from on or about March, 2012 until on or about September 20, 2016.

6.     Plaintiff, ELIAS ENOC MONGE GOMEZ ("Elias"), was employed by Defendants as a horse groomer from on or about March, 2013 until on or about September 20, 2016.

7.     Upon information and belief, Defendant, BOULDER BROOK STABLES, LLC, is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8.     Upon information and belief, BOULDER BROOK STABLES, LLC maintains a place of business located at 291 Mamaroneck Road, Scarsdale, New York 10583.

9.     Upon information and belief, Defendant, BOULDER BROOK EQUESTRIAN CENTER, LLC, is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

10.     Upon information and belief, BOULDER BROOK EQUESTRIAN CENTER, LLC maintains a place of business located at 291 Mamaroneck Road, Scarsdale, New York 10583.

11.     Upon information and belief, Defendant Audrey Feldman ("Feldman") is an individual residing in the State of New York.

12.     Upon information and belief, at all relevant times, Feldman was a corporate officer of BOULDER BROOK STABLES, LLC.

13.     Upon information and belief, at all relevant times, Feldman was a corporate officer of BOULDER BROOK EQUESTRIAN CENTER, LLC.

14.     Upon information and belief, at all relevant times, Feldman exercised operational control over Boulder Brook Stables, LLC, controlled significant business functions of Boulder Brook Stables, LLC, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Boulder Brook Stables, LLC in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Feldman has been an employer under the FLSA and the NYLL.

15.     Upon information and belief, at all relevant times, Feldman exercised operational control over Boulder Brook Equestrian Center, LLC, controlled significant business functions of Boulder Brook Equestrian Center, LLC, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Boulder Brook Equestrian Center, LLC in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Feldman has been an employer under the FLSA and the NYLL.

## FACTS

16.     Defendants operate an equestrian center located at 291 Mamaroneck Road, Scarsdale, New York 10583.

17.     At all times relevant to this action, Plaintiffs were employed as groomers for the benefit of and at the direction of Defendants.

18.     Plaintiffs' responsibilities included feeding the horses, taking the horses outside, cleaning, bathing, and grooming them.

19.     Feldman participated in the decision to hire Plaintiffs.

20.     Feldman participated in the decision to fire Plaintiffs.

21.     Feldman participated in the daily supervision of Plaintiffs' duties.

22.     Feldman participated in setting Plaintiffs' work schedules.

23.     Feldman participated in deciding the manner in which Plaintiffs were paid during their employment.

24.     Feldman participated in the decision to pay Plaintiffs in cash during their employment.

25.     Feldman participated in running the day to day operations of Boulder Brook Stables, LLC during Plaintiffs' employment.

26.     Feldman participated in running the day to day operations of Boulder Brook Equestrian Center, LLC during Plaintiffs' employment.

27.     Feldman participated in deciding the hours that Plaintiffs would work each week during their employment.

28.     Feldman participated in deciding the job duties that Plaintiffs would perform on a daily basis during their employment.

29.     During his employment, Elias worked six days a week for two weeks each month and seven days a week for two weeks each month.

30.     During this time, Elias' work schedule was as follows: Monday through Saturday from 7:00 a.m. to 8:00 p.m. each day and two Sundays a month from 7:00 a.m. to 8:00 p.m.

31.     During this time, Elias was not given and did not take any uninterrupted meal breaks.

32.     During this time, Elias worked 78 hours a week for two weeks each month and 91 hours a week for two weeks each month.

33.     During this time, Defendants paid Elias in cash.

34.     During this time, Defendants paid Elias a weekly salary.

35.     During this time, Defendants did not pay Elias overtime compensation.

36.     During this time, Defendants did not pay Elias one and a half times his regular rate of pay when he worked more than 40 hours each week.

37.     During this time, Defendants failed to pay Elias the statutory minimum wage for all hours that he worked each week.

38.     During this time, Elias worked shifts in excess of ten hours.

39.     During this time, Defendants did not pay Elias spread of hours compensation.

40.     During this time, Defendants did not provide Elias with weekly pay stubs.

41.     During his employment, Defendants did not provide Elias with any notices that set forth his regular rate of pay and/or overtime rate of pay.

42.     During his employment, Sadrac worked six days a week for two weeks each month and seven days a week for two weeks each month.

43.     During this time, Sadrac's work schedule was as follows: Monday through Saturday from 7:00 a.m. to 6:00 p.m. each day and two Sundays a month from 7:00 a.m. to 6:00 p.m.

44.     During this time, Sadrac was not given and did not take any uninterrupted meal breaks.

45.     During this time, Sadrac worked 66 hours a week for two weeks each month and 77 hours a week for two weeks each month.

46.     During this time, Defendants paid Sadrac in cash.

47.     During this time, Defendants paid Sadrac a weekly salary.

48.     During this time, Defendants did not pay Sadrac overtime compensation.

49.     During this time, Defendants did not pay Sadrac one and a half times his regular rate of pay when he worked more than 40 hours each week.

50.     During this time, Defendants failed to pay Sadrac the statutory minimum wage for all hours that he worked each week.

51.     During this time, Sadrac worked shifts in excess of ten hours.

52.     During this time, Defendants did not pay Sadrac spread of hours compensation.

53.     During this time, Defendants did not provide Sadrac with weekly pay stubs.

54.     During his employment, Defendants did not provide Sadrac with any notices that set forth his regular rate of pay and/or overtime rate of pay.

55.     During Plaintiffs' employment, Defendants failed to maintain accurate time records for the hours that Plaintiffs worked.

56.     Defendants managed Plaintiffs' employment, including the amount of overtime worked.

57.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

58.     Defendants were aware of Plaintiffs' work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time under the law.

59.     Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

**COUNT I**
**FLSA Overtime Claim**

60.     At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

61.     At all times relevant to this Complaint, Defendants "employed" Plaintiffs by suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

62.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(l ).

63.     At all times relevant to this Complaint, the corporate Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such, the corporate Defendants were and are subject to the overtime pay requirements of the FLSA because said

Defendants are enterprises engaged in commerce or in the production of goods for commerce.

64.     At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiffs who worked at an equestrian center owned and operated by Defendants.

65.     Upon information and belief, the gross annual volume of sales made or business done by Boulder Brook Stables, LLC for the years 2015, 2014, and 2013 was not less than $500,000.00.

66.     Upon information and belief, the gross annual volume of sales made or business done by Boulder Brook Equestrian Center, LLC for the years 2015, 2014, and 2013 was not less than $500,000.00.

67.     At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

68.     Section 207(a)(l) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

69.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

70.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(l) of the FLSA.

71.     However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

72.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

73.     Defendants have not acted in good faith with respect to the conduct alleged herein.

74.     As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

75. At all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the Regulations pertaining thereto.

76. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

77. At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of NYLL and the Regulations pertaining thereto.

78. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

79. Under New York law, an employee must be paid overtime, equal to one

and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.  12 N.Y.C.R.R. §142-2.2.

80. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

81. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the NYLL and the Regulations pertaining thereto.

82. Plaintiffs are not exempt from the overtime provisions of the NYLL and the Regulations, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

83. Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

84. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III
## NYLL FAILURE TO PROVIDE WAGE NOTICES

85.   Defendants willfully failed to furnish Plaintiffs with wage notices during the entirety of their employment, including the dates of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language,

which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

86.     Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

87.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL FAILURE TO PROVIDE WAGE STATEMENTS

88.     Defendants willfully failed to provide Plaintiffs written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

89.     Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

**90.** Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V

## NYLL MINIMUM WAGE CLAIM

91. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of NYLL §§ 2 and 651.

92.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, specifically NYLL §652.

93.     As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

94.     As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT VI

## NYLL SPREAD OF HOURS CLAIM

95. That Plaintiffs worked shifts of more than ten hours for most work days during their employment.

96. That the Defendants never paid spread of hours pay to Plaintiffs as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

97. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

98. As a result of defendants' violation of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.   Declare and find that the Defendants committed one or more of the following acts:

1.   Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

2.   Willfully violated overtime provisions of the FLSA;

3.   Violated the provisions of the NYLL by failing to pay overtime wages, minimum wages, and spread of hours pay to Plaintiffs;

4.   Willfully violated the applicable provisions of the NYLL.

B.   Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.   Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.      Award all costs, attorney's fees incurred in prosecuting this action

as well as liquidated damages under the FLSA and NYLL; and

E.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
November 9, 2016

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiffs
4242 Merrick Rd.
Massapequa, New York 11758
(516) 228-5100

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Boulder Brook Stables LLC**, y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Boulder Brook Stables LLC**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Firma (Signature)

Elias Enoc Monge Gomez

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Boulder Brook Stables LLC**, y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Boulder Brook Stables LLC**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.


_____
Firma (Signature)


Sadrac Abednego Monge Gomez